UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CYNTHIA ROERS,<br><br>                          Plaintiff,<br>v.<br><br>BANK OF AMERICA,<br><br>                          Defendant. | Civil No. 14-215 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Beau D. McGraw, **MCGRAW LAW FIRM, PA**, 10390 39th Street North, Lake Elmo, MN 55042, for plaintiff.

Kathryn J. Bergstrom and Amanda Sicoli, **GRAY PLANT MOOTY**, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402, for defendant.

Plaintiff Cynthia Beckler (formerly Cynthia Roers) brings this action against Defendant Bank of America ("BOA") to quiet title to three properties that Ms. Beckler owns and in which BOA claims mortgage interests.  Ms. Beckler alleges that the mortgages are void because they were fraudulently executed without her knowledge or consent by her former husband, Alan Roers.  BOA has now moved for summary judgment on the basis of judicial estoppel and ratification.  But because there are genuine issues of material fact regarding whether Mr. Roers fraudulently executed the mortgages and whether Mr. Roers convinced Ms. Beckler that she agreed to the mortgages, the Court will deny BOA's motion.

## BACKGROUND

Ms. Beckler owns three properties that are at issue in this lawsuit: 7485 Kingswood Road in Minnetrista, Minnesota ("Kingswood" property), and 5412 and 5416 Benton Avenue in Edina, Minnesota ("Benton Avenue" properties). (Notice of Removal, Ex. A ("Compl.") at 4-5, Jan. 23, 2014, Docket No. 1.) Ms. Beckler acquired these properties before she married her now ex-husband Mr. Roers in 2005. (Decl. of Kathryn Bergstrom ("Bergstrom Decl."), Ex. A ("Beckler Dep.") at 9:7-13:6, Oct. 15, 2015, Docket No. 24.) In March 2006, Ms. Beckler transferred title in the Kingswood property to herself and Mr. Roers jointly, but retained sole ownership of the Benton Avenue properties. (*Id.* at 19:6-19.)

In June 2006, Ms. Beckler and Mr. Roers became interested in purchasing a home located at 20 County Road 20 in Maple Plain, Minnesota (the "20-20 Ranch"). (*Id.* at 9:22-25; *id.*, Ex. B ("Roers Dep.") at 10:15-12:5.) In late July, Mr. Roers submitted a purchase offer of $4,100,000, and the couple closed on the property on December 30, 2006. (Roers Dep. at 12:6-13:22, 23:11-21.) To help finance the purchase, mortgages were placed on the Kingswood and Benton Avenue properties. According to Ms. Beckler, however, these mortgages were executed solely by Mr. Roers without her knowledge or consent. Ms. Beckler contends that Mr. Roers forged her signature on a Power of Attorney, encumbered the properties with mortgages, and then used the proceeds to finance the down payment for the 20-20 Ranch. Ms. Beckler further contends that when she discovered the mortgages in 2007, Mr. Roers manipulated her through emotional and psychological abuse into believing that she had consented to them.

Ms. Beckler alleges that she did not learn of Mr. Roers' purported fraud until October 2013, when he admitted to forging her signature on the Power of Attorney.

Shortly thereafter, in December 2013, Ms. Beckler commenced this quiet title action against BOA, the mortgage holder for the Kingswood and Benton Avenue properties, seeking to void the mortgages. BOA now moves for summary judgment on two grounds: judicial estoppel and ratification.

## ANALYSIS

**I.    STANDARD OF REVIEW**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative

evidence sufficient to demonstrate a genuine issue [of material fact] for trial." *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F .3d 1110, 1113 (8th Cir. 2009) (citing *Anderson*, 477 U.S. at 247-49).

## II.  JUDICIAL ESTOPPEL

BOA first argues that Ms. Beckler should be judicially estopped from alleging that the mortgages were executed without her knowledge or consent.  Judicial estoppel is an equitable defense that "is intended to protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories."  *State v. Pendleton*, 706 N.W.2d 500, 507 (Minn. 2005) (quoting *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992)).[1]  Although the Minnesota Supreme Court has not expressly adopted judicial estoppel, it has set out three factors that generally govern the doctrine's applicability:  (1) "the party presenting the allegedly inconsistent theories must have prevailed in its original position ('a litigant is not forever bound to a losing position')"; (2) "there must be a clear inconsistency between the original and subsequent position of the party"; and (3) "there must not be any distinct or different issues of fact in the proceedings." *Id.* (quoting *Levinson v. United States*, 969 F.2d at 264-65).  "Whether to apply the doctrine of judicial estoppel is a question of law." *Id.*

Relying on the above law, BOA contends that Ms. Beckler prevailed on contrary positions regarding the validity of the mortgages in two prior lawsuits.  In the first

---

[1] A district court sitting in diversity is "bound to apply state law elements of judicial estoppel."  *Occidental Fire & Cas. Co. v. Soczynski*, 765 F.3d 931, 935 n.3 (8th Cir. 2014).  Accordingly, this Court applies Minnesota law.

lawsuit, commenced in 2007 in Hennepin County district court, Ms. Beckler sued the seller and broker of the 20-20 Ranch, alleging that they misrepresented the true acreage of the property. Although the three mortgages were not directly at issue in that case, Ms. Beckler testified at trial that she and Mr. Roers financed the purchase of the 20-20 Ranch by putting mortgages on the Kingswood property and at least one of the Benton Avenue properties. (Second Bergstrom Decl., Ex. D ("Beckler Trial Tr.") at 75:17-76:18, Nov. 24, 2015, Docket No. 30.) In the second lawsuit, commenced in this Court in 2010, Ms. Beckler sought to rescind the three mortgages on the basis of mutual mistake, among other relief. In her complaint for that action, Ms. Beckler explicitly alleged that she "decided" to execute the mortgages "in order to qualify to finance the 20-20 Ranch." (Civil No. 10-3107, Compl. ¶ 19, July 29, 2010, Docket No. 1.) BOA argues that Ms. Beckler's current position – that Mr. Roers fraudulently executed the mortgages without her knowledge – is inconsistent with these prior positions.

The Court, however, will decline to apply judicial estoppel because BOA has not satisfied the second element from *Pendleton*, that there is a clear inconsistency between Ms. Beckler's prior positions and her current position. Indeed, Ms. Beckler has offered new evidence that accounts for any apparent inconsistency – because of Mr. Roers' fraudulent, abusive, and coercive tactics, Ms. Beckler genuinely believed during the earlier lawsuits that she had agreed to the mortgages. As support, Ms. Beckler offers deposition testimony from Mr. Roers, who admits that he (1) forged the Power of Attorney and executed the mortgages without Ms. Beckler's knowledge or consent, (2) acted in an abusive manner towards Ms. Beckler during their marriage, and

(3) convinced Ms. Beckler that she had agreed to the mortgages after the fact. (Roers Dep. at 34:15-19, 49:25-50:11, 55:3-6, 64:18-70:17.) Ms. Beckler also offers letters from two therapists, who corroborate her allegation that Mr. Roers was emotionally and psychologically abusive during the couple's marriage. (Aff. of Cynthia Beckler ("Beckler Aff."), Exs. B, C, Nov. 11, 2015, Docket No. 28.) And finally, Ms. Beckler alleges that she has suffered from a history of abuse and was also diagnosed with cancer in 2007 and 2010, which made her susceptible to Mr. Roers' manipulation. (Beckler Aff. ¶¶ 22-23; Beckler Dep. 26:22-30:4.) This new evidence, viewed collectively, provides an explanation for why Ms. Beckler may have asserted in the prior lawsuits that she had knowledge of and consented to the mortgages. And as the Minnesota Supreme Court recognized in *Pendleton*, judicial estoppel is not appropriate when a party changes its theory after "discover[ing] new evidence bearing on the issue," because "[s]uch changes are consistent with the court's truthfinding role." *Pendleton*, 706 N.W.2d at 507.

BOA argues that Ms. Beckler's new evidence is implausible and that the Court should "infer[] from the record" that she is deliberately attempting to manipulate the judicial process. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002). But the Court disagrees. A factfinder could find Ms. Beckler's evidence credible, and BOA has offered no specific evidence to the contrary. Just because BOA says that Ms. Beckler's new evidence is implausible does not make it so.[2]

---

[2] The Court does not mean to imply that it believes Ms. Beckler's evidence. Whether her version of events is true is a genuine factual dispute that must be resolved by the factfinder at trial. Instead, the Court's task here is simply to decide whether to apply judicial estoppel, which

(Footnote continued on next page.)

BOA also relies on *New Hampshire v. Maine*, 532 U.S. 742 (2001).  There, the Supreme Court held that the State of New Hampshire could not avoid the application of judicial estoppel by arguing that its prior position was based on an inadvertent "mistake," because it had both the "opportunity" and "incentive" to avoid the mistake.  *Id.* at 753-55.  BOA argues that the same reasoning should apply here – Ms. Beckler had both the opportunity and the incentive to investigate whether Mr. Roers forged the Power of Attorney and failed to do so, and therefore judicial estoppel should apply.  But the Court is not convinced.  For one, the Supreme Court applied federal common law in *New Hampshire*, not Minnesota law.  And even if Ms. Beckler had an incentive to investigate, her new evidence shows that she lacked an opportunity to do so:  Mr. Roers' emotional and psychological abuse caused her to believe that she had agreed to the mortgages.

Accordingly, the Court declines to apply judicial estoppel.

## III.   RATIFICATION

BOA alternatively argues that Ms. Beckler ratified the mortgages.  "Ratification occurs when one, **having full knowledge of all the material facts**, confirms, approves, or sanctions, by affirmative act or acquiescence, the originally unauthorized act of another, thereby creating an agency relationship and binding the principal by the act of

_____

(Footnote continued.)

is a question of law.  And the Court cannot say, based on the evidence before it, that Ms. Beckler's current position is clearly inconsistent with her prior positions.

his agent as though that act had been done with prior authority." *Anderson v. First Nat. Bank of Pine City*, 228 N.W.2d 257, 259 (1975) (emphasis added). BOA contends that Ms. Beckler affirmatively approved the mortgages because she accepted the proceeds, lived in the 20-20 Ranch, took responsibility for the mortgages after her divorce from Mr. Roers in 2009, and made payments towards them. But BOA's ratification argument fails for similar reasons as its judicial estoppel argument – Ms. Beckler has offered evidence showing that she did not have full knowledge of all material facts. As outlined above, Ms. Beckler's evidence suggests that Mr. Roers forged the Power of Attorney and then manipulated her into believing that she had agreed to the mortgages. If true, this evidence explains why Ms. Beckler may have acted in a manner consistent with being bound by the mortgages – she believed that she was bound. Because of this genuine factual dispute, the Court cannot say that Ms. Beckler had knowledge of all material facts, which in turn precludes a finding that she ratified the mortgages.

This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the above, all files, records, and proceedings here, **IT IS HEREBY ORDERED** that Bank of America's Motion for Summary Judgment [Docket No. 22] is **DENIED**.

DATED: July 28, 2016            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                   Chief Judge
                                                              United States District Court