# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CYNTHIA BECKLER, *f/k/a Cynthia Roers*, | Civil No. 14-215 (JRT/TNL) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL** |
| v. | |
| BANK OF AMERICA, | |
| Defendant. | |

Beau D. McGraw, **MCGRAW LAW FIRM, PA**, 10390 Thirty-Ninth Street North, Lake Elmo, MN 55042, for plaintiff.

Kathryn J. Bergstrom, **GRAY, PLANT, MOOTY, MOOTY, & BENNETT PA**, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402, for defendant.

On May 24, 2017, after conducting a two-day bench trial, the Court denied Plaintiff Cynthia Beckler's[1] request to void three mortgages held by Defendant Bank of America ("BOA") on three real properties. *Beckler v. Bank of Am.*, No 14-215, 2017 WL 2274960 (D. Minn. May 24, 2017). After considering each party's evidence, exhibits, and arguments, the Court concluded that Alan Roers[2] did not forge Beckler's signature on the transfer-of-deeds and power-of-attorney forms used to encumber the properties, and the Court held that BOA's mortgages on those properties were valid. *Id.* at *3-5.

---

[1] Formerly known as Cynthia Roers.

[2] Alan Roers is Beckler's ex-husband. *E.g.*, *Beckler*, 2017 WL 2274960, at *1, 3.

On June 16, 2017, Beckler moved for a new trial. (Pl.'s Mot. for New Trial, June 16, 2017, Docket No. 79.) Beckler asserts that near the conclusion of trial, her counsel asked BOA's counsel why BOA did not engage a handwriting expert to analyze Beckler's signatures on the documents at issue. (Decl. of Cynthia Beckler in Supp. of Mot. for New Trial ("Beckler Decl.") ¶ 5, June 16, 2017, Docket No. 80.) Beckler's attorney allegedly told Beckler that BOA's counsel responded that a different BOA attorney had engaged a handwriting expert and that the analysis was not useful. (*Id.*) As a result, Beckler believes that "the handwriting expert likely determined that it was not [her] signature and [she] was the victim of a forgery." (*Id.* ¶ 6.) Beckler also argues that BOA failed to disclose the handwriting expert in response to Beckler's interrogatory to identify people who had knowledge about facts relevant to the case. (*Id.* ¶¶ 7-9.) Thus, as a basis for her motion for a new trial, Beckler asserts that BOA's handwriting expert could have produced a different result at trial.

BOA disputes that it ever consulted with a handwriting expert. Specifically, the BOA counsel who allegedly told Beckler's counsel about the handwriting expert states that she "never engaged a consulting or testifying handwriting expert in this case[, and has] no knowledge as to whether a handwriting expert was consulted with or engaged in any of the other litigation cases commenced by [Beckler] and/or her ex-husband." (Aff. of Kathryn J. Bergstrom in Opp'n to Mot. for New Trial ("Bergstrom Aff.") ¶ 2, July 10, 2017, Docket No. 87.) Beckler argues that the Court should grant her motion for a new trial pursuant to Fed. R. Civ. P. 59(e) based on newly discovered evidence, namely BOA's supposed handwriting expert.

## ANALYSIS

"The authority to grant a new trial is within the discretion of the district court." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "The key question in determining whether a new trial is warranted is whether it is necessary to prevent a miscarriage of justice." *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 471 (8th Cir. 2011). To succeed on a Rule 59(e) motion based on new evidence, the moving party "must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Here, Beckler has not raised new evidence, but instead introduces her opinions and suspicions about BOA's conduct. *Id.* at 934-35 (affirming district court's determination that a movant's "new opinions and suspicions" are not "new evidence" for purposes of a Rule 59(e) motion). Beckler relies upon what her attorney allegedly told her regarding a conversation he had with BOA's counsel. (Beckler Decl. ¶ 5.) Beckler's attorney has not corroborated any of this with an affidavit or declaration. Additionally, Beckler's testimony conflicts with the testimony of BOA's counsel, who denies ever consulting with a handwriting expert and states she does not know whether BOA ever consulted with an expert. (Bergstrom Aff. ¶ 2.) Beckler also speculates that the alleged statement that the expert's "analysis was not useful" means that the expert actually opined that

Beckler was the victim of forgery. (Beckler Decl. ¶¶ 5-6.) Beckler's jump in logic is not evidence of the expert's actual opinion.

Even assuming Beckler's testimony regarding BOA's purported consultation with a handwriting expert is true, the Court finds that such evidence is not material and would not produce a different result at trial. The Court, as the factfinder, was permitted to resolve the issue of forgery by weighing the credibility of witness testimony and evidence at trial. In arriving at its decision that Roers did not forge Beckler's signature, the Court noted that Beckler's actions and testimony regarding the mortgages at issue were inherently contradictory as she had previously testified on multiple occasions that she encumbered the properties at issue. *Beckler*, 2017 WL 2274960, at *4. The Court also noted that based on the sequence of events, Beckler's medical conditions and treatments could not have affected her previous testimony. *Id.* Moreover, the Court found Robert Rodine's testimony credible regarding notarizing Beckler's signature. *Id.* at *5. Based on this overwhelming evidence, a handwriting expert's testimony would not have produced a different result at trial. *See State v. Houston*, 153 N.W.2d 267, 269 (Minn. 1967) (holding the factfinder is "permitted to resolve the issue of forgery without expert assistance"); *United States v. Ranta*, 482 F.2d 1344, 1346 (8th Cir. 1973) (noting, as a matter of trial strategy, counsel can forgo an opportunity to present such handwriting expert testimony). Thus, the Court will deny Beckler's motion for a new trial.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Cynthia Beckler's Motion for a New Trial [Docket No. 79] is **DENIED**.

DATED: August 8, 2017             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                    Chief Judge
                                         United States District Court